UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINT PHILLIPS, III,

    Plaintiff,

  v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 21-cv-1582-JPG

## MEMORANDUM AND ORDER

**I.**    **Counsel**

This matter comes before the Court on plaintiff Clint Phillips, III's motion for recruitment of counsel (Doc. 4).

In the Complaint, Phillips attempts to plead claims against the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violation of his Fourth and Fifth Amendment rights; under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680; and under state law for false arrest, false imprisonment, malicious prosecution, and tortious interference with contract. He bases these claims on an alleged 2016 incident in which he was stopped and frisked—apparently by federal law enforcement officers at Scott Air Force Base—beyond his outer garments, falsely accused of disorderly conduct, and detained without justification for over 45 minutes. He was never convicted of disorderly conduct. He claims the law enforcement officers searching and seizing him did not have reasonable suspicion or probable cause. It appears this case may stem from the same events at issue in *Phillips v. United States Air Force*, No. 17-cv-1079-JPG-GCS, which the Court dismissed without prejudice in February 2019 for failure to timely serve process.

Whether to assign an attorney to represent an indigent civil litigant is within the sound

discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis*. *Mallard v. U.S. District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history. *Id.*

Phillips has not demonstrated that he has made reasonable attempts to retain counsel and has not shown that he was effectively precluded from making a diligent effort in this regard. Furthermore, the only viable claim pled in this case, as explained below, is a run-of-the-mill FTCA claim that does not involve complex legal or factual issues and that will not require presentation to a jury. The Court notes that the plaintiff suffers from psychological problems, but based on the quality of the plaintiff's prior filings and the relatively simple nature of this case, he appears competent to litigate his claim himself, at least at this stage of the litigation. For these reasons, the Court will deny Phillips's motion for appointment of counsel (Doc. 4).

**II.     Colorable Claims**

As noted above, the only potentially viable claim for money damages is Phillips's FTCA claim.  The United States has sovereign immunity from all of the other claims Phillips attempts to plead against it.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."); *Lipsey v. United States*, 879 F.3d 249, 253 (7th Cir. 2018).

Thus, the United States is immune from Phillips's state law claims for false arrest, false imprisonment, malicious prosecution, and tortious interference with contract.  As for his federal constitutional claims, *Bivens* gets around sovereign immunity principles by allowing claims for money damages for constitutional violations *against the individual federal officers* whose conduct constituted the violation.  But Phillips has not sued any individual federal officers in this suit, only the United States itself.

The only claim for which the United States has potentially waived its sovereign immunity is Phillips's FTCA claim.  The FTCA is a limited waiver of the Government's sovereign immunity.  It gives federal courts jurisdiction over claims for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ."  28 U.S.C. § 1346(b)(1).  This includes "any claim arising . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" by "investigative or law enforcement officers of the United States Government."  28 U.S.C. § 2680(h); *see Linder v. United States*, 937 F.3d 1087, 1088 (7th Cir. 2019), *cert. denied,* 141 S. Ct. 159 (2020).  The rest of Phillips's claims against the United States cannot succeed.

When the Court is faced with a "frivolous or transparently defective" claim, it may *sua sponte* dismiss those claims to preserve the resources of the Court and the parties. *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Because the United States is immune from Phillips's *Bivens* claims and state law claims, the Court will dismiss those claims without prejudice. The only claim that will proceed is the FTCA claim against the United States for the torts of its employees as described in Phillips's Complaint.

### III. Amendment to Pleading

The day after he filed the Complaint, Phillips filed a document captioned "Amended Complaint" that purports to add St. Clair County as a defendant because when he was detained at the St. Clair County Jail after an arrest, jail officials allowed him to be attacked by another inmate and housed him improperly (Doc. 5). The Court construes this filing as a motion for leave to file an amended complaint.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Generally, a party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which the party has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Nevertheless, leave of court is required before a plaintiff can add new parties to a case. *Williams v. USPS*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey*, 513 F.2d 641, 651 n. 9 (7th Cir. 1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop a party."). Generally, the decision whether to grant a party leave to amend its pleading is left to

the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).

The Court declines to allow Phillips to amend his complaint to add a claim against St. Clair County because joinder would not be proper under Federal Rule of Civil Procedure 20(a)(2). That rule provides that defendants may be joined in a case if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Joinder is not appropriate in this case. First, the incident at the jail appears to be separate in time and place from Phillips's arrest described in the Complaint and involves a separate defendant. Additionally, the claims do not involve common questions of law or fact. Claims arising out of different occurrences and involving different defendants belong in different lawsuits. *Mitchell v. Kallas*, 895 F.3d 492, 502-503 (7th Cir. 2018) (citing *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)).

Second, the proposed amended complaint does not contain sufficient allegations against St. Clair County to plausibly suggest a claim for municipal liability. Thus, it would not be able to withstand a motion to dismiss. Amendment is not appropriate to add claims that would not survive a motion to dismiss. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

For these reasons, the Court will deny Phillips's motion for leave to amend his complaint to add a new claim against a new defendant.

**IV.   Conclusion**

For the foregoing reasons, the Court:

5

- **DENIES** Phillips's motion for recruitment of counsel (Doc. 4);

- **DISMISSES without prejudice** all claims against the United States except an FTCA claim for the torts of its employees as described in Phillips's Complaint;

- **DIRECTS** the Clerk of Court to alter the docket entry for the "Amended Complaint" to reflect that it has been construed as a motion for leave to amend the complaint (Doc. 5);

- **DENIES** Phillips's motion for leave to amend his complaint to add a new claim and a new party (Doc. 5).

The Court further **ADVISES** Phillips that pursuant to Federal Rule of Civil Procedure 4(m), he has 90 days from filing his complaint—until March 6, 2022—to serve the complaint and summons on the United States in the manner described in Federal Rule of Civil Procedure 4(i)(1).  Should he fail to timely serve process, the Court may dismiss this action without prejudice for lack of service as it did with his prior action about this incident.

**IT IS SO ORDERED.**
**DATED:  February 7, 2022**

                                                                    s/ J. Phil Gilbert
                                                                    **J. PHIL GILBERT**
                                                                    **DISTRICT JUDGE**