UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLINT PHILLIPS, III,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 21-cv-1582-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Clint Phillips, III's motion to add a state law claim for false imprisonment against a new defendant, St. Clair County, Illinois (Doc. 10). Phillips also seeks an extension of the March 6, 2022, deadline the Court set for serving process on the United States for his claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-2680, on the grounds that the process server he has engaged cannot complete service by the existing deadline.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. Generally, a party may amend its pleading once as a matter of course within 21 days of serving it or within 21 days after service of a response or a motion to dismiss, for a more definite statement or to strike. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend its pleading only with the opposing parties' written consent, which Phillips has not obtained, or leave of court, which the Court should freely give when justice requires. Fed. R. Civ. P. 15(a)(2). Nevertheless, leave of court is required before a plaintiff can add new parties to a case. *Williams v. USPS*, 873 F.2d 1069, 1073 n. 2 (7th Cir. 1989); *Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 736 (7th Cir. 1986); *LaBatt v. Twomey* , 513 F.2d 641, 651 n. 9 (7th Cir. 1975); *see* Fed. R. Civ. P. 21 (stating in pertinent part, "On motion or on its own, the court may at any time, on just terms, add or drop

a party."). Generally, the decision whether to grant a party leave to amend its pleading is left to the discretion of the district court. *Orix Credit Alliance v. Taylor Mach. Works*, 125 F.3d 468, 480 (7th Cir. 1997).

This case stems from a 2016 incident in which Phillips was allegedly stopped and frisked by federal law enforcement officers at Scott Air Force Base beyond his outer garments, falsely accused of disorderly conduct, and detained without justification for over 45 minutes. He was never convicted of disorderly conduct. He claims the federal officers searching and seizing him did not have reasonable suspicion or probable cause.

He seeks to add St. Clair County as a defendant because the federal officers effecting the 2016 arrest transferred him to the custody of the St. Clair County jail, where St. Clair County jail personnel continued his allegedly false imprisonment. The Court has already declined to allow Phillips to add St. Clair County as a defendant for two reasons: (1) joinder was not proper under Federal Rule of Civil Procedure 29(a)(2) because the incident at the jail appeared to be separate in time and place from Phillips's arrest described in the Complaint, and (2) the proposed amended complaint would not withstand a motion to dismiss because it did not contain sufficient allegations against St. Clair County to plausibly suggest a claim for municipal liability.

In his current filing, Phillips has clarified that the federal arrest and alleged false imprisonment by St. Clair County are part of the same series of events. He has not, however, provided any allegations plausibly suggesting a claim for municipal liability against St. Clair County, especially where the offending actions appear to be those of the employees of the Sheriff, an independently elected constitutional officer who is not an agent or employee of the county. Ill. Const. art. 7, § 4(c); 55 ILCS 5/3-6008; *Moy v. County of Cook*, 640 N.E.2d 926, 931 (Ill. 1994). Again, the Court notes that amendment is not appropriate to add claims that

would not survive a motion to dismiss.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997).

For the foregoing reasons, the Court **DENIES** Phillips's motion to add a state law claim for false imprisonment against a new defendant, St. Clair County, Illinois (Doc. 10).  The Court further **ORDERS** that pursuant to Federal Rule of Civil Procedure 4(m), Phillips has until April 6, 2022, to serve the complaint and summons on the United States in the manner described in Federal Rule of Civil Procedure 4(i)(1).  Should he fail to timely serve process, the Court may dismiss this action without prejudice for lack of service as it did with his prior action about this incident.

**IT IS SO ORDERED.**
**DATED:  March 22, 2022**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**