UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINT PHILLIPS, III,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 21-cv-1582-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of the defendant United States of America to dismiss or, in the alternative, for summary judgment on statute of limitation grounds (Doc. 15). The Court considers plaintiff Clint Phillips, III's motion for summary judgment as a response to the United States' motion as well as a motion in its own right (Doc. 17). The United States has responded to Phillips's motion (Doc. 18), and Phillips has replied to that response (Doc. 19). The Court also considers Phillips's "Motion for Interlocutory Order for Summary Judgment" (Doc. 20) and the United States' response (Doc. 21), and Phillips's "Motion for Joinder of defendants" (Doc. 13).

**I.**     **Background**

This case stems from a 2016 incident in which Phillips was allegedly stopped and frisked beyond his outer garments by federal law enforcement officers at Scott Air Force Base, falsely accused of disorderly conduct, and detained without justification for over 45 minutes. He was never convicted of disorderly conduct. He claims the federal officers searching and seizing him did not have reasonable suspicion or probable cause.

In the Complaint, Phillips attempts to plead claims against the United States under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violation of his Fourth and Fifth

Amendment rights; under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680; and under state law for false arrest, false imprisonment, malicious prosecution, and tortious interference with contract.  In an order dated February 7, 2022, the Court dismissed all of Phillips's claims except his FTCA claim, the only claim it deemed viable in light of the United States' sovereign immunity (Doc. 8).  The United States now asks the Court to dismiss that claim because Phillips filed his complaint beyond one of the time limitations set forth in the FTCA.

The FTCA is a limited waiver of the Government's sovereign immunity.  It allows the United States to be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances. . . ."  28 U.S.C. § 2674.  It also gives federal courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

The FTCA requires a plaintiff to present a claim to the appropriate federal agency before filing an FTCA lawsuit.  28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 113 (1993).  A claimant has two years after his injury to file an administrative claim, and has six months after the agency mails its final decision to file an FTCA lawsuit.  28 U.S.C. § 2401(b).  These deadlines are not jurisdictional but are affirmative defenses that the United States may assert.  *United States v. Kwai Fun Wong*, 575 U.S. 402, 420 (2015).

In this case, the United States does not contest that Phillips satisfied the two-year deadline for filing an administrative claim but asserts that he missed the six-month deadline for filing suit.  Phillips maintains that he met all the timing requirements, that the administrative

decision denying his claims was wrong, that he has done everything within his power to pursue his claims properly, and that justice requires the Court to consider the merits of his case.

**II.     Analysis**

    A.     <u>Nature of Motion</u>

As a preliminary matter, the Court will consider the United States' motion as a motion for summary judgment rather than a motion to dismiss. The United States has attached to its motion Phillips's FTCA administrative claims (Doc. 15-2) and the United States Air Force's ("USAF") response to them (Doc. 15-3). Ordinarily, when material outside the complaint is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment and give the nonmovant an opportunity to respond, or it may exclude the additional material from consideration. *See* Fed. R. Civ. P. 12(d).

There is an exception to this rule, however, when the additional material is something of which the Court may take judicial notice. *See Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). The Court may take judicial notice of public records such as administrative proceedings where the authenticity of the records is not reasonably disputable, and may consider them in deciding a Rule 12(b) motion. *See Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018).

Phillips makes assertions about the relevant timeline that appear to conflict with the timeline reflected in his administrative appeal record. While the Court cannot say that those assertions create a reasonable dispute about the authenticity of the records, the Court finds it prudent to consider the motion under the summary judgment standard. The Court notes that Phillips has already been advised that summary judgment is at stake in the pending motion and given an adequate opportunity to respond. The United States expressly asked for summary

judgment as an alternative remedy in its motion and has given Phillips the notice of the consequences of failing to respond to a motion for summary judgment that is required to be given *pro se* litigants facing summary judgment motions (Doc. 16).  *See Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).  Therefore, the Court can move forward to consider this motion as seeking summary judgment.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).  The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.  Nevertheless, the "favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture."  *Monroe v. Ind. Dep't of Transp.*, 871 F.3d 495, 503 (7th Cir. 2017) (internal quotations and citations omitted).

The initial summary judgment burden of production is on the moving party to show the Court that there is no reason to have a trial.  *Celotex*, 477 U.S. at 323; *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir. 2013).  If the moving party bears the burden of persuasion on an issue—as is ordinarily true with a statute of limitations defense—it must "lay out the elements of the claim, cite the facts which it believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim."  *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015); *accord Felix v. Wisc. Dep't of Transp.*, 828 F.3d 560, 570 (7th Cir. 2016).  In responding to a

summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *Celotex*, 477 U.S. at 322-26; *Anderson*, 477 U.S. at 256-57; *Modrowski*, 712 F.3d at 1168.

    B.    <u>Facts</u>

Under the summary judgment standard, the relevant evidence in this case establishes the following facts for the purposes of this motion.

From December 2016 to January 2017, Phillips filed a number of administrative tort claims with the USAF that arguably relate to the 2016 incident alleged in this case (Doc. 15-2). There is no evidence that Phillips filed any other administrative claims regarding that incident. The USAF denied those claims in a letter dated February 7, 2017 (Doc. 15-3). It is reasonable to conclude the letter was mailed on that day or shortly thereafter. The letter also advised Phillips that he had six months after the letter was mailed to file suit in a United States District Court, that is, on or before August 7, 2017, or a few days thereafter.[1]

In October 2017, Phillips filed an FTCA lawsuit about the same events at issue in this case. *Phillips v. United States Air Force*, No. 17-cv-1079-JPG-GCS (S.D. Ill.). The Court dismissed that case without prejudice in February 2019 for failure to timely serve process.[2]

Phillips filed this lawsuit in December 2021.

---

[1] Phillips asserts that the USAF took two years to respond to his administrative claims. Pl.'s Resp. to Mot. Summ. J. 1 (Doc. 19). However, there is no evidence from which a reasonable fact-finder could find the February 7, 2017, letter did not constitute a response to Phillips's administrative claims, all of which the letter lists in its heading.

[2] Phillips asserts that his 2017 case was timely filed within six months after the USAF denied his claims. Pl.'s Mot. Summ. J. 1, 2 (Doc. 17); Pl.'s Resp. to Mot. Summ. J. 2 (Doc. 19). However, the indisputable evidence shows his lawsuit was filed in October 2017, approximately eight months after the USAF denied his administrative claims.

C. <u>Application</u>

There is no genuine issue of material fact that Phillips did not meet the deadline for suit. He did not file an FTCA lawsuit within six months of the USAF's sending him, on or around February 7, 2017, a final decision denying all of his administrative claims possibly complaining of the conduct at issue in this case. Phillips did not file this lawsuit until December 2021, years after his six-month filing period expired. Even if the Complaint were to somehow relate back to the 2017 lawsuit or if equitable tolling applied after that suit was dismissed, that lawsuit was untimely as well—filed in October 2017, approximately eight months after the USAF sent the final administrative decision. Thus, the 2017 lawsuit cannot remedy any limitations delinquency in this lawsuit. There is simply no genuine issue of material fact that Phillips has failed to satisfy the requirement to file his lawsuit within six months of the USAF's mailing of its final denial.

### III. Conclusion

For the foregoing reasons, the Court:

- **GRANTS** the United States' motion for summary judgment (Doc. 15);

- **DISMISSES** Phillips's FTCA claim against the United States **with prejudice**:

- **DENIES** all other pending motions **as moot** in light of that ruling (Docs. 13, 17, & 20); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:  July 8, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**