UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLINT PHILLIPS, III,

      Plaintiff,

v.

UNITED STATES OF AMERICA,

      Defendant.

Case No. 21-cv-1582-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Clint Phillips, III for reconsideration (Doc. 32) of the Court's July 8, 2022, order (Doc. 22) and judgment (Doc. 23) granting summary judgment (Doc. 15) for the defendant United States of America and denying the motions for summary judgment (Docs. 17 & 20) filed by Phillips.

Phillips filed this case complaining about a 2016 incident at Scott Air Force Base in which he alleges he was searched and seized by federal law enforcement officers. In an order dated February 7, 2022, the Court found Phillips had only pled one colorable claim not barred by sovereign immunity—a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-2680—and it dismissed his other claims under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and state law (Doc. 8). In its July 8, 2022, order, the Court found that Phillips's FTCA claim was barred by the FTCA's six-month deadline for filing a lawsuit after a decision on an administrative claim is mailed to the claimant (Doc. 22). *See* 28 U.S.C. § 2401(b). Here, the U.S. Air Force's ("USAF") decision was mailed on or around February 7, 2017, so Phillips's deadline to file a lawsuit was on or around August 7, 2017. He failed to meet that deadline, so the Court dismissed his FTCA claim with prejudice.

Phillips now asks the Court to reconsider that decision on the grounds that some incidents occurred in 2017, which would have postponed the expiration of the two-year deadline for filing an administrative claim. He claims that he filed administrative claims about those incidents and that he

was notified of the USAF's decision on administrative claims relating to those incidents in December 2019 and/or February 2020.  Phillips includes no documentary evidence regarding any administrative claim for incidents in 2017 that were denied in 2019 or 2020.  Indeed, the evidence tendered by the United States in support of summary judgment indicates there were no such administrative claims.  Hunt Decl. of April 22, 2022, Def.'s Mot. Summ. J. Ex. 1 ¶ 5, ("I have determined that other than the claims identified in paragraph 3 (above), no other administrative tort claims had been filed by Clint Phillips III with the Agency.") (Doc. 15-1 at 2).

The Court considers Phillips's motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e) because it was filed within 28 days of entry of judgment.  *See Krivak v. Home Depot U.S.A., Inc.*, 2 F.4th 601, 604 (7th Cir. 2021).  Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.  *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).  Rule 59(e) "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."  *Moro*, 91 F.3d at 876; *accord A&C Constr.*, 963 F.3d at 709.  The Court's orders "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure."  *A&C Constr.*, 963 F.3d at 709 (internal quotations and citation omitted).  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.  *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Phillips essentially asserts that the Court made a manifest error in construing his complaint to assert only the 2016 incident and the administrative claims Phillips filed about that incident.  In light of

this assertion, the Court has taken another close look at Phillips's complaint (Doc. 1). In it, he specifically mentions the 2016 incident[1] and makes an oblique reference to "another arrest" and "any time I've been arrested." Compl. (Doc. 3 at 6, 10).

However, to the extent Phillips included such instances in his administrative claims and intended to rely on them in this lawsuit, that would not change the Court's conclusion. He filed his last administrative claim on January 6, 2017, and the USAF denied all of his claims on February 7, 2017. Thus, he needed to file a lawsuit by August 7, 2017, whether Phillips alleged 2017 conduct or not. The Court's decision to grant summary judgment for the United States was based on Phillips's failure to satisfy the six-month deadline to file a lawsuit after an administrative claim denial, not the two-year deadline to file a claim. Nothing Phillips says now changes the Court's conclusion that his lawsuit was not filed within six months of the response to his administrative claims.

Nothing else Phillips raises in his motion for reconsideration even remotely justifies altering or amending the judgment under Rule 59(e). For the foregoing reasons, the Court **DENIES** Phillips's motion for reconsideration (Doc. 32) and **DIRECTS** the Clerk of Court to send a copy of this order to the Court of Appeals for its consideration in Phillips's appeal, No. 22-2217.

**IT IS SO ORDERED.**
**DATED: September 6, 2022**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

---

[1] It appears he originally wrote "2017," but then wrote "6" in darker print over the original "7:" ⟨handwritten: In 2017/6⟩ (Doc. 3 at 6). The only reasonable construction of this date is 2016.